UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

      Plaintiff,

v.

THE GUIDANCE CENTER and
BELICIA B. ROMERO,

      Defendants.

_____/

Case No. 2:23-cv-11188
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION**[1]
**TO DENY PLAINTIFF'S MOTION**
**TO STRIKE ALL AFFIRMATIVE DEFENSES (ECF No. 12)**[2]

I.      Introduction

This is an action under Title II of the Americans with Disabilities Act, the

Rehabilitation Act of 1973, the Social Security Act, and the Fourteenth

---

[1] "A motion to strike an affirmative defense is generally considered to be a dispositive motion and thus, the undersigned has prepared a report and recommendation, rather than an order." *Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 n.1 (E.D. Mich. Mar. 16, 2011) (collecting cases), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).

[2] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Amendment's due process clause.  Plaintiff, Dijon Townsend (Townsend),

proceeding *pro se*, alleges that defendants The Guidance Center and Belicia B.

Romero negligently failed to provide him with necessary mental health services,

causing him to endure a "worsening of symptoms" and requiring him to be

hospitalized for psychiatric reasons.  (ECF No. 1, PageID.1-2, 5).  All pretrial

matters have been referred to the undersigned.  (ECF No. 6).

      Before the Court is Townsend's motion to strike all affirmative defenses.

(ECF No. 12).  Defendants jointly filed a timely response, (ECF No. 14), and no

timely reply has been filed.  For the reasons that follow, the undersigned

RECOMMENDS that Townsend's motion be DENIED.  The undersigned further

RECOMMENDS that defendants' request for attorney fees be DENIED.

## II.    Affirmative Defenses

      After service was completed, defendants filed an answer along with

affirmative defenses.  (ECF No. 8).  Defendants stated the following 28 affirmative

defenses:

1. Plaintiff's cause of action is barred in part or in whole by Plaintiff's

   Decedent's comparative negligence.  Pursuant to MCL 600.2959, Plaintiff's

   claim to noneconomic damages may be barred, and Plaintiff's claim to

   economic damages may be reduced proportionally based on Plaintiff's

   comparative negligence.

2

2.  Plaintiff has failed to file an Affidavit of Merit.

3.  Plaintiff has failed to file a Notice of Intent.

4.  Plaintiff has failed to obey and abide by Michigan's substantive medical malpractice statutes which apply to all licensed health care professionals including therapists and corporations that employ them.

5.  Plaintiff has failed to state a claim upon which relief may be granted.

6.  The claims brought herein may be barred by res judicata, collateral estoppel, or both.

7.  No facts in this case give rise to the allegation of deliberate indifference, willful or wanton conduct, gross negligence or the like.

8.  No facts in this case give rise to the allegation that there was an official policy that deprived Plaintiff of any constitutional right or harmed Plaintiff in any way.

9.  This cause of action may be barred in whole or in part by the applicable statute of limitations, statute of repose and/or savings periods governing actions of this nature.  It may further be barred by the non-retroactivity of any statute extending the statute of limitations, statute of repose and/or savings period.

10. Plaintiff's claims may be barred, in whole or in part, by release.

11. Plaintiff's claims may be barred by assumption of risk.

3

12. These claims are barred by immunity conferred by statute and/or common law, including, but not limited to, governmental immunity, qualified immunity, foster placement immunity, judicial immunity, parental immunity, MCL 691.1631 *et seq*. and/or any other statutory and/or common law immunity.

13. Plaintiff's damages were caused in whole or in part by the negligence, intentional acts, or intervening acts of third parties.

14. Plaintiff's claim is barred because Plaintiff has failed to file a notice in the court of claims as required by MCL 600.6431.

15. Plaintiff's claim may be barred by MCL 600.2955a.

16. Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

17. Plaintiff's claims may be barred in whole or in part by the collateral source rule.

18. Plaintiff has alleged one or more counts for which there exists no private right of action, thereby barring any such claims.

19. Defendants are not a state actor.

20. Defendants' services did not constitute state action.

21. Rules, regulations, policies, protocols, licensing regulations, and statutes are not standards of care and do not give rise to a negligence action or section 1983 action for their violation.

22. The allegations made are not made in concise, numbered paragraphs and are instead set forth mainly in narrative form which is improper under the Federal Rules of Civil Procedure.

23. Defendants generally denies all allegations of wrongdoing in the manner and form stated as untrue as to any and all wrongdoing.

24. By way of further response, Defendants are not state actors, and this Court has no jurisdiction to hear a 42 USC section 1983 claim as to Defendants.

25. The mere receipt of Medicaid or Medicare dollars does not render a mental health provider a state actor or subject it to federal question jurisdiction

26. None of Plaintiff's allegations relate to a violation of the ADA, and the ADA therefore cannot be a basis for jurisdiction.

27. This Court is without subject matter jurisdiction to hear this matter.

28. Further, Defendants reserve the right to file further Affirmative Defenses which may be revealed during discovery.

(*Id*., PageID.37-40).

III.    Discussion

A.    Failure to Seek Concurrence

Defendants argue that Townsend's motion should be denied because he failed to seek concurrence under Eastern District of Michigan Local Rule 7.1(a)(1). They also argue that they should be awarded attorney fees under the local rule.

The local rule states that "the movant must ascertain before filing whether the contemplated motion . . . will be opposed." E.D. Mich. LR 7.1(a)(1). In the event the request is opposed, the movant must include in the motion an explanation of what efforts were made to seek concurrence. E.D. Mich. LR 7.1(a)(2). According to defendants, Townsend did not seek concurrence before filing his motion. His motion also makes no mention of seeking defendants' concurrence.

The undersigned does not recommend that Townsend's motion be denied on this ground. Townsend is a *pro se* litigant and while his "*pro se* status, in and of itself, does not entitled him to disregard the federal or local rules, or the orders of this court[,]" *Sandweiss Law Ctr., P.C. v. Bunting*, No. 2:07-CV-10099, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007), it does suggest that he is likely unfamiliar with the rules. Given that the instant motion is the first one Townsend has filed, his failure to contact defense counsel before filing the motion should be excused. Going forward, however, Townsend will be expected to comply with all applicable federal and local rules, including seeking concurrence. If he fails to do

so, his future filings may be either stricken or denied.  *See ABO Staffing Servs., Inc. v. UnitedHealthcare Ins. Co.*, No. 22-11696, 2023 WL 3865510, at \*2 (E.D. Mich. June 7, 2023) ("Going forward, the Court mandates ABO's counsel to read, familiarize themselves with, and follow all requirements under the local rules and this Court's practice guidelines before filing any further motions.  Failure to do so in the future will result in the striking of the filing.").

In light of the above, the undersigned does not recommend awarding attorney fees, particularly because defendants' response to the instant motion demonstrates that they would not have concurred in Townsend's motion even if concurrence had been sought.  Thus, defendants incurred no additional fees because of Townsend's lack of compliance with Local Rule 7.1(a)(1).  *See Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at \*13 (E.D. Mich. Mar. 29, 2012) ("The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion.").  As such, defendants should not be awarded attorney fees incurred by having to respond to Townsend's motion.

B.     Motion to Strike

1.     Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion

of a party, "[t]he court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

12(f)(2). "Motions to strike are viewed with disfavor and are not frequently

granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783

F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB*

*Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16,

2011) (explaining that "such motions are generally regarded with disfavor because

of the limited importance on pleading in federal practice, and because they are

often used as a delaying tactic" (internal quotation marks and citations omitted)),

*report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19,

2011). "The function of the motion is to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with them early in the

case." *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation

omitted). Ultimately, "the decision whether to strike an affirmative defense is

wholly discretionary." *Jeeper's of Auburn, Inc.*, at *2; *see also Conocophillips Co.*

*v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule

12(f) permits the Court to act with discretion in that it may strike irrelevant and

superfluous defenses or let them stand. There is absolutely no harm in letting them

remain in the pleadings if, as the Plaintiff contends, they are inapplicable.").

A motion to strike is "properly granted when plaintiffs would succeed

despite any state of the facts which could be proved in support of the defense."

*Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotation marks and citations omitted); *see also Hahn v. Best Recovery Servs., LLC*, No. 10–12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010) ("A motion to strike an affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." (internal quotation marks and citations omitted)).  "The motion also is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotation marks and citations omitted).  That said, "a motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (internal quotation marks and citation omitted); *Hahn*, at *2 (noting that "a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits" (internal quotation marks and citation omitted)).

## 2.    Application

Under Federal Rule of Civil Procedure 8(b), a party is required to "state in short and plain terms its defenses to each claim asserted against it[.]"  Fed. R. Civ.

P. 8(b)(1)(A).  "The purpose of [the rule] is to give the opposing party notice of the affirmative defense and a chance to respond."  *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997).  Moreover, "[a]lthough [d]efendants bear the burden of proving [its] affirmative defenses," they do not need to "describe facts supporting those affirmative defenses" when pleading them.  *Pough v. DeWine*, No. 2:21-cv-00880, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023).

Here, defendants have met the requirements of Rule 8(b).  They stated their affirmative defenses in short and plain terms and did so in a way that gave Townsend notice of what defenses are involved in this litigation.  Nothing additional is required.

The bulk of Townsend's motion is devoted to arguing the merits of defendants' affirmative defenses.  However, "[t]he questions plaintiff raises regarding the factual bases for defendants' affirmative defenses can and should be addressed during the discovery process, not through a motion to strike."  *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2 (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) where "the Sixth Circuit evaluated, and found sufficient, an affirmative defense where a defendant which simply stated 'Plaintiffs' claims are barred by the doctrine of res judicata.' ").  As such, Townsend's arguments cannot be properly addressed at this time.  Instead, they should be raised in or in response to a dispositive motion such as a motion to dismiss or a motion for

summary judgment.

In sum, because defendants "bear[ ] the burden of proving [their] affirmative defenses[,]" the undersigned finds "there is no prejudice to plaintiff in allowing these defenses to stand." *Jeeper's of Auburn, Inc.*, at *3. Moreover, since "Rule 12(f) permits the Court to act with discretion in that it *may* strike irrelevant and superfluous defenses or let them stand[,]" and that ultimately, "[t]here is absolutely no harm in letting them remain in the pleadings if, as [Townsend] contends, they are inapplicable." *Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (emphasis in original). Thus, Townsend's motion should be denied.

### IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Townsend's motion to strike all affirmative defenses, (ECF No. 12), be DENIED. The undersigned further RECOMMENDS that defendants' request for attorney fees be DENIED.

Dated: July 11, 2023                    s/Kimberly G. Altman
Detroit, Michigan                       KIMBERLY G. ALTMAN
                                        United States Magistrate Judge

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the court determines that any objections are without

merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
