UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

    Plaintiff,

v.

THE GUIDANCE CENTER and
BELICIA B. ROMERO,

    Defendants.

_____/

Case No. 2:23-cv-11188
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

**ORDER
DENYING MOTIONS TO STRIKE (ECF Nos. 31, 32, 34)
AND
GRANTING DEFENDANTS' MOTION TO STAY PENDING
RULING ON MOTION TO DISMISS (ECF No. 33)
AND
STAYING THE SCHEDULING ORDER UNTIL
THE COURT RULES ON THE PENDING DISPOSITIVE MOTIONS
AND
GRANTING PLAINTIFF'S MOTION REGARDING
CONTACT BETWEEN THE PARTIES (ECF No. 30)
AND
EXCUSING THE PARTIES FROM
CONCURRING UNDER THE LOCAL RULES**

I.    Introduction

This is an action under Title II of the Americans with Disabilities Act, the

Rehabilitation Act of 1973, the Social Security Act, and the Fourteenth

1

Amendment's due process clause. Plaintiff, Dijon Townsend (Townsend), proceeding *pro se*, alleges that defendants The Guidance Center and Belicia B. Romero negligently failed to provide him with necessary mental health services, causing him to endure a "worsening of symptoms" and requiring him to be hospitalized for psychiatric reasons. (ECF No. 1, PageID.1-2, 5). All pretrial matters have been referred to the undersigned. (ECF No. 6).

There are currently nine pending motions in this case—three are dispositive, (ECF Nos. 18, 20, 29), and six are nondispositive, (ECF Nos. 30-35). This order will resolve five of the nondispositive motions, (ECF Nos. 30-34), the remaining nondispositive motion, (ECF No. 35), will be decided at a later date, and the dispositive motions, (ECF Nos. 18, 20, 29), will be the subject of a future Report and Recommendation (R&R).

For the reasons that follow, the Court will (1) DENY the motions to strike, (ECF Nos. 31, 32, 34); (2) GRANT defendants' motion to stay, (ECF No. 33); and (3) GRANT Townsend's motion regarding contact between the parties, (ECF No. 30).

II. Motions to Strike (ECF Nos. 31, 32, 34)

Defendants have filed two motions to strike. (ECF Nos. 31, 33). The first moves to strike Townsend's motion to grant his claims. (ECF No. 31). The second moves to strike Townsend's motion regarding contact. (ECF No. 32).

Meanwhile, Townsend has filed a motion to strike defendants' two motions to strike as well as their motion to stay. (ECF No. 34). All three motions are DENIED because the Court finds that the best course of action is to decide each of the parties' substantive motions on the merits.

"[T]he Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document." *Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-3366, 2021 WL 2712174, at *5 (S.D. Ohio July 1, 2021). The Court acknowledges that Townsend's filings have not strictly conformed to the Federal Rules of Civil Procedure nor the Eastern District of Michigan's Local Rules but notes that "generally the pleadings of pro se litigants are held to less stringent standards than pleadings drafted by lawyers," *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2 (S.D. Ohio Sept. 1, 2015) (collecting cases); *Benzaoual*, at *6 ("[T]his Court reviews inappropriate filings by pro se litigants under a less stringent standard.").

This less stringent standard does not affect the Court's rulings on substantive matters, and the Court will not "accept unwarranted factual inferences lacking application of the substantive law of the claim merely because a party is proceeding *pro se*." *Ruhl*, at *2. In other words, while the Court will not strike any filings at this time, it will employ the same legal standards when reviewing the pending dispositive motions as it would in a case where all parties are represented

3

by counsel.

### III. Defendants' Motion to Stay (ECF No. 33)

Defendants request a stay pending a ruling on their motion to dismiss. (ECF No. 33). In addition to the motion to dismiss, the Court notes that Townsend has filed a motion for summary judgment, (ECF No. 18), as well as a motion to grant all claims, (ECF No. 31). In light of the three pending dispositive motions in this matter, defendants' motion to stay is GRANTED. *See Hoosier v. Liu*, No. 2:16-10688, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) ("[T]he Court agrees with the moving Defendants that staying discovery until the Rule 12(c) motion is resolved would be an efficient way to reduce or eliminate any unnecessary usage of resources.").

No further discovery shall be conducted nor motions filed without first obtaining leave until the undersigned issues an R&R on the pending dispositive motions and the district court rules on the R&R and any objections. If any claims survive, the undersigned will enter an amended scheduling order providing new dates for discovery and dispositive motion practice.

The stay does not apply to defendants' recently filed motion for a protective order. *See* ECF No. 35. The Court will consider the motion after any timely response is filed.

4

IV.  Townsend's Motion Regarding Contact (ECF No. 30)

Townsend asks that the Court stop defense counsel from contacting him via email. (ECF No. 30). As Townsend is proceeding *pro se*, defense counsel is required to contact him before filing motions under Local Rule 7.1.

Local Rule 7.1 provides that "the movant must ascertain before filing whether the contemplated motion . . . will be opposed." E.D. Mich. LR 7.1(a)(1). In the event the request is opposed, the movant must include in the motion an explanation of what efforts were made to seek concurrence. E.D. Mich. LR 7.1(a)(2).

In light of Townsend's *pro se* status and the entry of a stay as explained above, the Court finds that the best course of action is to GRANT the motion and EXCUSE the parties from the concurrence requirement under Local Rule 7.1 going forward. Defense counsel may no longer contact Townsend via email.

V.  Conclusion

For the reasons stated above, the Court (1) DENIES the motions to strike, (ECF Nos. 31, 32, 34); (2) GRANTS defendants' motion to stay, (ECF No. 33); and (3) GRANTS Townsend's motion regarding contact, (ECF No. 30).

SO ORDERED.

Dated: August 16, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2023.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager
