UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJON TOWNSEND,

                Plaintiff,                Case Number 23-11188

v.                                              Honorable David M. Lawson

THE GUIDANCE CENTER and
BELICIA ROMERO,

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO REQUEST CONSOLIDATION AND MOTIONS FOR RECONSIDERATION

This matter is before the Court on several motions filed by the plaintiff after the Court entered judgment dismissing his complaint with prejudice on February 20, 2024. The plaintiff asks the Court to consolidate this case with *Townsend v. Milz*, No. 23-12089 (E.D. Mich.) (ECF Nos. 53 & 57) and to reconsider its decision to dismiss the case with prejudice under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (ECF Nos. 59 & 60). These motions must be denied, however, because the Court lacks jurisdiction to decide them while the case is on appeal.

Townsend filed his notice of appeal on March 4, 2024. ECF No. 54. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Because Townsend appeals the Court's judgment of

dismissal, Court is divested of jurisdiction from granting Townsend the relief he seeks, namely reconsideration of its prior orders or the consolidation of the case with another pending case.

Even if the Court had jurisdiction to consider his arguments, Townsend's motions lack merit. First, his motions to consolidate the case with another lawsuit he has filed are inappropriate at this stage. Because this case already has been dismissed, there is no reason to consolidate it with another case that remains pending. And, in any event, the two matters are not companion cases because they neither share "substantially similar evidence" nor "arise out of the same transaction or occurrence." E.D. Mich. LR 83.11(b)(7)(A). The present case involved allegations regarding defendant Romero's failure to provide him a tablet with which he could attend virtual counseling sessions sponsored by The Guidance Center. Townsend's other case, pending before the Honorable Bernard A. Friedman, encompasses different allegations involving another provider employed by The Guidance Center. Compl. at 1-2, *Townsend v. Milz*, No. 23-12089 (E.D. Mich.). Although the cases feature similar themes, they are not companions.

Townsend's motions for reconsideration also must be denied. The motions, which appear identical, feature arguments that either were raised previously or are inapt. He argues that the Court should grant reconsideration based on "newly discovered evidence" but presents no such new evidence and forgets that all of his claims were dismissed on the pleadings under Rule 12(c). This means that the Court found Townsend's claims legally inadequate and did not consider the weight of any evidence presented in his complaint. These motions also must be denied.

Accordingly, it is **ORDERED** that the plaintiff's motions for leave to request consolidation (ECF Nos. 53 & 57) and motions for reconsideration (ECF Nos. 59 & 60) are **DENIED**.

- 3 -

                                                    <u>s/David M. Lawson</u>
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated:   March 14, 2024